The Honorable R. Gregg Reep State Representative 409 North Walnut Street Warren, Arkansas 71671-2130
Dear Representative Reep:
I am writing in response to your request for an opinion on fees charged by car rental companies. Specifically, you note that "many of the car rental companies in the state are currently charging their customers a separately itemized vehicle registration fee which is intended to allow them to recover this particular fee imposed by state statute." You also note that "[t]his fee is an add-on to the advertised daily rate for the rental of the vehicle." You state that you "are aware of a statutory prohibition on rental car companies which prohibits adding a surcharge on the passage through of any gross receipts tax or compensatory use tax-paid (A.C.A. 26-52-311(c))" but state that you are "not aware of any other statutory prohibitions preventing the pass through of other charges or fees." You therefore ask that I advise you on "whether there exists any other statutory or regulatory prohibition preventing the pass through of other various charges, fees, or other types of taxes which car rental companies either generally or specifically pay in the operation of their business."
RESPONSE
In response to your question, I have found no other statutory or regulatory provision (other than A.C.A. § 26-52-311(d)(1)), that would prevent the pass through of charges, fees or other types of taxes that rental car companies pay in the operation of their business.
Section 26-52-311 of the Arkansas Code, as amended by Act 664 of 2005, levies a "rental vehicle tax" on the gross receipts or gross proceeds derived from the rentals of licensed motor vehicles leased for a period of less than thirty (30) days. A.C.A. § 26-52-311 (a)(1). Subsection (d)(1) of this same statute, which was formerly codified in subsection (e), but re-designated after a 2001 amendment (see Acts 2001, No. 949), provides as follows:
 It shall be unlawful for any person engaged in the business of renting licensed motor vehicles for a period of less than thirty (30) days to include a surcharge on the rental of the motor vehicles for any gross receipts taxes or compensating use taxes paid by the person.
This subsection thus prevents a rental car company from passing on, through the inclusion of a "surcharge," any "gross receipts taxes" or "compensating use taxes" on the rental.
You have described, however, a situation in which a rental car company charges the customer "a separately itemized vehicle registration fee" as an "add-on to the daily advertised rate for the rental. . . ." (Emphasis added). I assume this reference is to the registration fee required to be paid to license and register the rental vehicle with the State. See e.g.,
A.C.A. § 27-14-601 (Repl. 2004), as amended by Acts 2005, Nos. 1929; 1934; and 1950. I have found no statutory or regulatory provision expressly preventing the pass-through of such registration fee. I should note that factual questions may arise, however, as to whether the collection of this "vehicle registration fee" is in actuality a surcharge levied in an effort to recoup sales and use taxes in violation of A.C.A. § 26-52-311(d)(1). I cannot determine this factual issue in a given instance.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh